### STATE v. BENJAMIN R. MASSEY AND C. H. BUNN.

(Filed 7 January, 1949.)

**Constitutional Law §§ 13, 19 ½ —**

> A municipal ordinance prohibiting the handling of venomous and poisonous reptiles in such manner as to endanger the public health, safety and welfare, will not be held invalid upon defendants' contention that the ordinance interferes with the exercise of their religious practices.

APPEALS by defendants from *Bone, J.,* March Term, 1948, of DURHAM.

Criminal prosecutions on separate warrants charging each of the defendants, in identical language and differing only as to date, with endangering the public health, safety and welfare by handling poisonous reptiles in such manner as to constitute a public nuisance in violation of an ordinance of the City of Durham forbidding such conduct or practice.

Both defendants were convicted in the Recorder's Court of Durham Township, and from the judgments pronounced, appealed to the Superior Court of Durham County, where by consent the cases were consolidated for trial.

The facts are not in dispute. On the evenings of 1 and 8 November, 1947, several policemen of the City of Durham visited the Zion Tabernacle Church, situate within the corporate limits of the City of Durham, and on each occasion found there a large gathering of men, women and children, engaged in religious services. During the services they saw the defendant, C. H. Bunn, on 1 November, and the defendant, Benjamin R. Massey, on 8 November, while standing in the pulpit, take into his bare hands a poisonous snake of the copperhead or highland moccasin variety and hold it within view of the congregation. No one was harmed by the snake on either occasion. The snakes were later tested by placing healthy

rats with them which they immediately struck with their fangs, and the rats died within a few minutes.

The defendants concede that their conduct falls within the condemnation of the ordinance, but they plead not guilty on the ground that the ordinance impinges on their freedom of religious worship and is therefore void.

Verdict: Guilty as charged in each warrant.

Judgments: Fine of $50 and costs in each case.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*C. H. Bunn and Benjamin R. Massey, in propria persona, defendants, appellants.*

STACY, C. J.    The ordinance inveighs against the handling of venomous and poisonous reptiles in such manner as to endanger the public health, safety and welfare, and none other.

The police are required to seize reptiles handled in an exposed way and have them examined by the health department.    If found to be venomous they are to be destroyed; otherwise they are to be returned to the one from whom they were taken.    Manifestly, then, the ordinance was enacted as a protective measure and its primary purpose is not to interfere with any ritual which the defendants may wish to observe.    They are at liberty to handle reptiles in public, if they so desire; provided the reptiles are harmless to human safety, health and welfare.

The defendants say, however, that the handling of poisonous reptiles without harm to themselves or others is the power which they are commanded to show to the people, and to extract the venom of the reptiles renders them useless for such purpose.    It was suggested on the argument by the defendants in person that in all probability we would not understand this.    Even so, as a matter of law the case comes to a very simple question: Which is superior, the public safety or the defendants' religious practice?    The authorities are at one in holding that the safety of the public comes first.    *Kirk v. Com. of Virginia,* 186 Va. 839, 44 S. E. (2) 409; *Lawson v. Com. of Kentucky,* 291 Ky. 437, 164 S. W. (2) 972; *Reynolds v. United States,* 98 U. S. 163, 25 L. Ed. 244; *Latter-Day Saints v. United States,* 136 U. S. 49, 34 L. Ed. 478.

No detailed analysis of the ordinance is required since the defendants concede that unless it impinge on their freedom of religious worship, they are in defiance of its terms.

The record is devoid of any reversible error, hence the verdicts and judgments will be upheld.

No error.